JOURNAL ENTRY AND OPINION
Defendant-Appellant Rodney Smith appeals from the trial court's determination that he should be classified as a sexual predator pursuant to R.C. 2950.02. The record reveals that on May 14, 1990, the appellant pled guilty to aggravated burglary in violation of R.C. 2911.11; rape in violation of R.C. 2907.02; and kidnapping in violation of R.C. 2905.01. Each count contained a violence specification. The trial court sentenced the appellant to a term of incarceration of eight to twenty-five years on each count, to be served concurrently.
At the hearing held pursuant to R.C. 2950.09, while the court did not hear direct testimony, it did receive into evidence the original police report containing the victim's statement, the competency report conducted in 1990 by the Court Psychiatric Clinic, and a report of the psychiatric examination conducted by the Court Psychiatric Clinic in August 2000. The appellant requested this latest evaluation and the report was subsequently admitted into evidence at the hearing as a joint exhibit of the parties. These records demonstrate that the appellant, who was nineteen at the time of this offense, is now thirty years of age. He has been denied parole once and, should the entire sentence be served, will be forty-five years of age when released. Between 1992 and 1995 the appellant underwent treatment for depression.
In the psychiatric report conducted in August 2000, the appellant gave the following account of his crime:
 I probably started drinking at 5:00 pm. I probably had 2-3 bottles of Cisco (wine) and smoked some pot. I was over at a friend's house. I left, but she didn't want me to leave. She took my bus pass from me. I was drunk and decided to walk. I stopped at a bar and probably had 1-2 shots and the owner told me to go home.
 I went home and my mom and girlfriend told me to stay home. My dude stopped by and asked me if I wanted to get drunk. I had no money. She (victim) was the first person that popped into my head. I told him to hold on and I'll be back in a minute. I walked to her house, looked around, and took a rock and threw it through the window of the door. She (victim) said she had no money.
 I got mad. . . When she said she didn't have any money, I thought she was lying. When she didn't give me what I wanted, my mind turned off. I took her upstairs . . . I grabbed her, not aggressively. I took her upstairs. I was so drunk I couldn't get an erection . . . I didn't penetrate her. I tried to enter her. I made her suck my dick. . . If I would have gotten an erection, I would've hurt her even more than I did . . . I didn't run from the police.
The appellant also noted that he was really drunk and looking to get some quick money. He stated, I don't know why I did it. I knew the lady. She practically raised me.
The report also states that the appellant received a score of 5 on the STATIC-99 test. This test is a brief actuarial instrument designed to estimate the probability of sexual recidivism among adult males who have been convicted of at least one sexual offense. The appellant's score places him in the medium-high risk category. Specifically, the appellant's score equates with the following actuarially determined recidivism rates. The research predicts that 33% of offenders with a score similar to the appellant will re-offend within five years, 38% will re-offend within ten years, and 40% will re-offend within fifteen years.
The appellant was diagnosed with an antisocial personality disorder based upon his history of a pervasive pattern of disregard and violation of the rights of others including: failure to conform to social norms with respect to lawful behaviors as indicated by repeatedly performing acts that are grounds for arrest; consistent irresponsibility as indicated by failure to sustain consistent work behavior; impulsive behavior; and lack of remorse. The psychiatric report indicated that the appellant's alcohol abuse, cannabis abuse, and history of depressive disorder are in remission. The report does state that the appellant continued to use marijuana while incarcerated with the last reported abuse occurring in September 1998.
It is also clear that the appellant has had difficulty adjusting to imprisonment. The appellant has had eleven Rule Infractions Board convictions since August 1995, resulting in 155 days in isolation. At the conclusion of the report a list is presented of five risk factors associated with sexual offense recidivism which apply to the appellant. These factors include his prior rape offense as a juvenile, the diagnosis of antisocial personality disorder, the other prior convictions as both a juvenile and adult, and the fact that the appellant was not related to either of the victims of his sexual offenses.
The appellant was assessed as not presenting with the five risk factors. These factors include his denial of any sexual preference for children, denial of any deviant sexual preference, the available records indicate that the appellant has completed two levels of the sex offender treatment program, the victims of the appellant's crimes were both female and not male, and the appellant, who is thirty years of age, presents less of a risk of re-offending than someone under age twenty-five.
On the record at the hearing the trial court denied the appellant's motion to cross-examine the prosecutor and noted: 1) that the test is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future; 2) that the hearing was exempt from the Rules of Evidence; and 3) that the hearing is not designed to establish guilt or innocence, but rather to establish the appellant's status as a sexual offender.
After argument on the merits from both counsel, the court discussed the factors listed in R.C. 2950.09(B)(2). The court considered the fact that the appellant was nineteen at the time of the offense; that the appellant had a prior rape offense as well as theft offenses[1]; that the victim was 72; that there were not multiple victims; that the appellant had not impaired the victims with drugs or alcohol; that as to this offense, the appellant has completed a course regarding sexual offenses; that the appellant has been diagnosed with an antisocial personality disorder; that there is no pattern of abuse save for the fact that both victims were vulnerable (i.e., the first victim was intoxicated and the second was elderly); the court found the circumstances of this crime amounted to a display of cruelty; and finally, that given the latest time the appellant could be released from prison, he would be forty-five years of age and young enough to perpetrate further crimes. Based on these factors the court found the appellant to be a sexual predator.
The appellant sets forth six assignments of error.
The first assignment of error:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
The appellant asserts that the state failed to meet its burden, by clear and convincing evidence, that the appellant would likely re-offend in the future. The appellant also argues that, should he prevail, this court should not remand this case, but rather, should vacate the trial court's finding.
This court held in State v. Vintson (June 7, 2001), Cuyahoga App. No. 78382, unreported that:
 In its most recent pronouncement dealing with sexual predator determinations, the Ohio Supreme Court stated the following:
 * * * in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).
The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
In State v. Eppinger (2001), 91 Ohio St.3d 158, the Supreme Court considered the standard of clear and convincing evidence as applied to sexual predator hearings. The court stated that clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Eppinger citing to Cross v. Ledford (1954),161 Ohio St. 469, 477.
The court went on to discuss the objectives of a model sexual offender classification hearing. First, a record must be created for review. Towards that end, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. The Eppinger Court noted that where the conviction is old, the state may need to introduce a portion of the actual trial record. In any event, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
The trial court may also be required to provide expert assistance to the defendant to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Eppinger, supra. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. Id.
Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. Eppinger, citing to State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported.
In the case sub judice, the trial court properly provided the appellant with an expert. At the hearing itself, the court accepted the expert's report into evidence at the request of both parties. The court, on the record, considered the statutory factors and gave its reasons for finding the appellant to be a sexual predator. A review of the record indicates that the appellant's version of the crime tallies closely with the victim's statement as detailed in the police investigation. The appellant committed a prior rape while a juvenile and had several theft offenses. The court noted the vulnerability of both of appellant's victims: the first victim was intoxicated and the second was 72 years of age. The court clearly considers the elderly to comprise a vulnerable segment of our society and found the appellant's conduct to be cruel. The court found the appellant to have impaired conduct due to his antisocial personality as diagnosed in the current psychiatric report. Based on the evidence before the trial court, and the fact that the hearing was properly conducted, this court does not find that the trial court erred when finding the appellant to be a sexual predator.
The appellant's first assignment of error is overruled.
The second assignment of error:
 THE APPELLANT'S HEARING VIOLATED THE CONCEPTS OF SEPARATION OF POWERS BECAUSE THE TRIAL COURT RELIED ON EX PARTE KNOWLEDGE REGARDING RESEARCH LINKING PETTY THEFT TO SEXUAL RECIDIVISM WHEN SUCH STUDIES WERE NOT PROVIDED TO COUNSEL.
The appellant now objects to the trial court's statement on the record at the hearing that research exists indicating that individuals who commit crimes of deception often escalate into individuals who commit sexual crimes as well. The appellant asserts that this purported gathering of evidence by the trial court was an unconstitutional violation of the Separation of Powers clause. The essential argument is that the judicial branch of government has the power to hear facts and decide cases and it is the obligation of the prosecution to present evidence.
The appellant failed to make his objection before the trial court in a timely manner. Such an objection should first be raised before the trial court in order to provide the trial court the opportunity to correct or avoid the alleged error. State v. McKee (2001), 91 Ohio St.3d 292; State v. Williams (1977), 51 Ohio St.3d 112 . Absent plain error, the issue is waived. State v. Carter (2000), 89 Ohio St.3d 593; State v. Moreland (1990), 50 Ohio St.3d 58.
In the matter now before this court, no plain error exists. Reading the statement in context, the trial court was linking the appellant's prior adjudication for rape and theft as a juvenile and his current convictions for rape and aggravated burglary. The trial court merely alluded to research regarding the escalation of criminal conduct from deception to sexual crimes. This comment does not amount to the admission of evidence, nor is it indicative of the usurpation of the state's burden of proof. Absent this statement by the trial court, the record contains clear and convincing evidence to support the trial court's decision. Thus, any error by the court was harmless.
The appellant's second assignment of error is overruled.
The third assignment of error:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTION.
The appellant argues that conducting the sexual predator hearing so far in advance of his release from prison violates his right to due process.
This issue was rejected by this court in State v. Kennedy (July 12, 2001), Cuyahoga App. No. 78600, unreported, citing to State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported, where it was noted that substantive due process was satisfied where the person adjudicated a sexual predator has the option of petitioning, within one year prior to his release from prison, for a determination that he is no longer a sexual predator. See, R.C. 2950.09(D). See, also, State v. Abelt (May 31, 2001), Cuyahoga App. No. 77754, unreported; State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported; State v. Manson (Nov. 2, 2000), Cuyahoga App. No. 76716, unreported.
The appellant's third assignment of error is overruled.
The fourth assignment of error:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW THE APPELLANT TO CROSS-EXAMINE THE PROSECUTING ATTORNEY WHERE THE PROSECUTING ATTORNEY TESTIFIED IN VIOLATION OF R.C. 2950.09(B)(2) AND THE OHIO AND UNITED STATES CONSTITUTIONS.
The appellant argues that the trial court erred in denying his motion to cross-examine the prosecutor at the sexual predator hearing. At the hearing the appellant pointed out that R.C. 2950.09(B)(2) permits the prosecutor to testify and asserted that this section of the statute therefore confers on a defendant the right to cross-examine the prosecutor. The appellant essentially argues that the prosecutor's presentation of evidence to the trial court at the hearing was, in actuality, testimony. The appellant sought to test the veracity of the state's evidence through cross-examination.
As the appellant properly states, R.C. 2950.09(B)(2) permits the prosecutor to testify. This section of the code permits the appellant to testify as well. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court considered the requirements evidence must meet at the sexual predator hearing. The court determined that the Rules of Evidence do not strictly apply and that reliable hearsay, such as a presentence report, may be relied upon by the trial judge.
In the present matter, the appellant stipulated to the admission into evidence the report of his recent examination by the Court Psychiatric Clinic. The report details many facts concerning the appellant such as his work history, his relationships, his education, his adjustment to prison, his mental health diagnosis, and his version of the crime. At the hearing, the court noted the appellant's age at the time of the crime, his prior record, his participation in programs for sexual offenders while incarcerated, and his psychiatric diagnosis as an antisocial personality. These particular facts are all contained within the stipulated exhibit and were properly relied upon by the trial court under the guidelines set forth in Cook, supra.
Additionally the court determined that the rape was cruel and, seemingly, reached this determination based upon the victim's age. The court found both of the appellant's rape victims to be vulnerable, the first through intoxication, the second by virtue of age. As to the appellant's first victim, his description of his crime is contained in the report and he admits that the victim was intoxicated. While the trial court did not have the second victim's age given in the recent psychiatric report, it is contained in the underlying criminal file. The appellant neither objected to, nor disagreed with, the court's characterization of his victims' vulnerability.
Thus, this court may conclude that the evidence relied upon by the trial court in reaching its decision was either in the underlying court file or contained within the stipulated evidence of the appellant's recent psychological examination report. The trial court had clear and convincing evidence before it upon which to determine that the appellant's status should be that of a sexual predator.[2]
The appellant's fourth assignment of error is overruled.
The fifth assignment of error:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PROCEEDING BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST IN PRIVACY IS ENCUMBERED BY THE SEXUAL PREDATOR LABEL AND THE FACTORS LISTED AT R.C. 2950.09(B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
The appellant asserts that the legislature failed to provide proper guidance to judges as to how the factors listed in R.C. 2950.09(B)(2) should be applied. The appellant notes that this court has repeatedly rejected the assertion, but states that this court has misunderstood the argument.
This court recently determined the issue of a defendant's liberty interest in State v. Johnson (March 8, 2001), Cuyahoga App. No. 77512, unreported. This court held that R.C. Chapter 2950 does not impair the right to a favorable reputation. As the court explained:
 A favorable reputation is not a protected liberty interest. See Paul v. Davis (1976), 424 U.S. 693, 711-712, 96 S.Ct. 1155, 1165-1166, 47 L.Ed.2d 405, 420; see, also, Cook, 83 Ohio St.3d at 413, 700 N.E.2d at 579.
 As was stated in Cook, `an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all the attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right. * * *' Further, `the harsh consequences [of] classification and community notification * * * come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions.' (Citations omitted.) Cook, 83 Ohio St.3d at 413, 700 N.E.2d at 579. Accordingly, we hold that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution.
 Thus, the Supreme Court of this state has considered and rejected the appellant's assertion that the notification provisions of the sexual predator statute are violative of the right to privacy guaranteed by the United States Constitution and Section 1, Article I of the Ohio Constitution.
In addition, this court has considered this very assignment of error in the recent case of State v. McKinney (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported:
 Appellant's third assignment of error complains the sexual predator statute deprives him of liberty without due process. He claims the statute is subject to arbitrary application because it does not provide the trial courts with guidance about how to apply the statutory factors. However, this argument ignores the fundamental inquiry that the legislature directs the court to perform, that is, to determine whether there is clear and convincing evidence that the offender is likely to engage in the future in one or more sexually oriented offenses. The statute requires the court to consider all relevant factors in making this determination, including but not limited to the listed factors. Neither the clear and convincing evidence standard nor the assessment of the likelihood of the defendant's future conduct is subject to arbitrary application. State v. Williams (2000), 88 Ohio St.3d 513, 533-34, 728 N.E.2d 342; State v. Ward (1999), 130 Ohio App.3d 551, 569, 720 N.E.2d 603; State v. Gibson, 2000 Ohio App. LEXIS 5705 (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported, at 10. The statute's broad description of the factors the court should consider in making this assessment is necessary to allow for individual evaluations. Williams, 88 Ohio St.3d at 534.
The appellant's fifth assignment of error is overruled based upon this court's recent, and cogently reasoned, opinions.
The sixth assignment of error:
 R.C. S2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
The appellant asserts that R.C. 2950.09(C)(2) fails to comply with the requirements of procedural due process by failing to give proper notice to an alleged predator. As noted in the second assignment of error, supra, the appellant has waived this argument by failing to timely raise the issue with the trial court. Such an objection should first be raised before the trial court in order to provide the trial court the opportunity to correct or avoid the alleged error. McKee, supra. Absent plain error, the issue is waived. Carter, supra. Based on this waiver, the appellant's sixth assignment of error is overruled.
However, we additionally note that this court has previously reviewed and rejected this very assignment of error in McKinney, supra. This court held:
 T[his] assignment of error complains that the sexual predator statute deprived him of procedural due process because the statute did not provide him with adequate written notice of the evidence and reasoning underlying the corrections department's recommendation that he be found to be a sexual predator, did not clearly allocate the burden of going forward, and afforded inadequate discovery. This court has previously held that R.C. 2950.09 affords the offender adequate notice and an opportunity to defend. State v. Ward (1999), 130 Ohio App.3d 551, 559, 720 N.E.2d 603.
* * *
 Appellant has not explained how he may have been deprived of access to facts needed to defend against a sexual predator classification. The opportunity to respond to the government's evidence does not require advance notice of the specific evidence upon which the state intends to rely. The offender is aware that the judge must consider all relevant factors to determine whether he or she is likely to commit a sexually oriented offense in the future and has access to the record of the underlying conviction. Appellant has not shown how the absence of more specific information has prejudiced his ability fairly to defend himself.
The appellant's sixth assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS WITH SEPARATE CONCURRING OPINION. KENNETH A. ROCCO, J., CONCURS WITH SEPARATE CONCURRING OPINION.
[1] The court commented that there has been ample research that individuals who commit crimes of deception often escalate into individuals who commit sexual crimes as well. Not every time, but it has been the case that that is the history that they exhibit at the beginning of their criminal careers, not to mention the fact that this witness statement of [the victim], also indicated that a theft was occurring at that time, so you definitely have a prior record. (T. 25).
[2] This court must unequivocally state that the resolution of this assignment of error has been reached without any conclusion regarding the ethics of requiring an advocate for one party to testify before the trial court in a hearing. We leave this determination for a time when it is necessary to address the issue.